UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHANDRICKA RAINLEY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARCHBOLD MEDICAL CENTER, INC., <br><br> Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Shandricka Rainley ("Rainley" or "Plaintiff") brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (hereinafter "Plaintiff and the Putative Class Members"), and who worked for Archbold Medical Center, Inc. ("Archbold" or "Defendant"), anywhere in the United States, at any time from March 21, 2019 through the final disposition of this matter, to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Archbold at any time from March 21, 2019 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime.

3. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Archbold knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

5. Specifically, Archbold's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period (and sometimes one hour) from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Archbold's practices was (and continues to be) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Archbold has failed to properly compensate Plaintiff and the Putative Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all unpaid wages, including straight-time not recovered under the FLSA, and other damages owed under Georgia Common Law.

9.  Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Shandricka Rainley ("Rainley") was employed by Archbold during the relevant time period. Plaintiff Rainley did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly employees who were employed by Archbold at any time from March 10, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rainley worked and was paid.

12. Defendant Archbold is a domestic non-profit corporation, licensed to and doing business in the state of Georgia. Archbold may be served through its registered agent for service of process: **Abby Windham, 915 Gordon Ave., Thomasville, Georgia 31792.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has supplemental jurisdiction over the additional Georgia state law claims pursuant to 28 U.S.C. § 1367.

---

[1] The written consent of Shandricka Rainley is attached hereto as Exhibit "A."

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has personal jurisdiction over Archbold because the cause of action arose within this district as a result of Archbold's conduct within this District and Division.

17. Venue is proper in the Middle District of Georgia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Archbold's corporate headquarters are in Thomasville, Georgia, and Plaintiff Rainley worked in Thomasville, Georgia throughout her employment with Archbold, all of which is located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Defendant Archbold is an integrated health care network, comprised of seven hospitals which provide healthcare services to its patients throughout the State of Georgia.[2]

21. To provide its services, Archbold employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

22. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Archbold's facilities in Georgia.

23. Plaintiff Rainley was employed by Archbold in Thomasville, Georgia from approximately December of 2020 until March of 2021.

24. Plaintiff and the Putative Class Members are (or were) hourly employees subject to an automatic 30-minute meal break deduction each day.

---

[2] https://archbold.org/.

25. Importantly, none of the FLSA exemptions relieving a covered employer (such as Archbold) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

26. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties.

27. Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure.

28. Plaintiff and the Putative Class Members are similarly situated with respect to the policies (and practices) of Archbold resulting in the complained of FLSA and Georgia state law violations.

29. Plaintiff and the Putative Class Members typically worked over forty (40) hours per week.

30. In addition to their "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

**Unpaid Meal Breaks**

31. Archbold has a policy wherein it automatically deducts at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members' daily time.

32. Non-exempt employees, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work eight (8) or fewer hours in a day.

33. Archbold will deduct one full hour from Plaintiff and the Putative Class Members' hours worked if they work more than eight (8) hours in a day.

34. Moreover, Archbold does not completely relieve Plaintiff and the Putative Class Members from duty during their day for the purposes of taking their meal break(s).

35. Plaintiff and the Putative Class Members are required to perform duties, whether active or inactive, during all hours of their shift and frequently are unable to receive sufficient time to eat a meal due to their constant patient calls and duties.

36. Archbold was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Georgia state law.

37. Archbold's systematic deduction of 30-minutes to one hour each day from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Georgia state law.

38. Archbold's systematic deduction of 30-minutes to one hour from Plaintiff and the Putative Class Members' actual hours worked at or below forty (40) hours per workweeks and Plaintiff and the Putative Class Members' actual hours worked in excess of 40 hours per workweek, deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and Georgia state law.

39. As a result of Archbold's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked straight time hours and overtime hours for which they were not compensated.

40. Archbold knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime

compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

41. Archbold knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

42. Archbold knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

43. Because Archbold did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Archbold's pay policies and practices willfully violate the FLSA.

44. Because Archbold did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, Archbold's pay policies and practices also willfully violate the Georgia state law.

V.
CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Collective Action Alleging FLSA Violations)

A.   **FLSA COVERAGE**

45. Paragraphs 1–44 are fully incorporated herein.

46. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR ARCHBOLD MEDICAL CENTER, INC. AT ANY TIME FROM MARCH 21, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

47. At all times hereinafter mentioned, Archbold has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, Archbold has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, Archbold has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. Specifically, Archbold operates numerous health care facilities, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

51. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Archbold, these individuals provided services for Archbold that involved interstate commerce for purposes of the FLSA.

52. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Archbold's customers and employees throughout the United States. 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55. The proposed class of similarly situated employees – that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Archbold.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

57. Archbold violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

58. Moreover, Archbold knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

59. Archbold knew or should have known their pay practices were in violation of the FLSA.

60. Archbold is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Archbold to pay them according to the law.

62. The decision and practice by Archbold to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

63. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Archbold's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

66. Other similarly situated employees of Archbold have been victimized by Archbold's patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 46.

68. Archbold's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Archbold's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Archbold will retain the proceeds of their violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 46.

## SECOND CAUSE OF ACTION
**(Violations of Georgia Common Law)**

**A.   VIOLATIONS OF GEORGIA COMMON LAW**

76. Paragraphs 1-75 are incorporated as though fully set forth herein.

77. Plaintiff Rainley further brings this action pursuant to the Georgia common law equitable theory of *quantum meruit* to recover unpaid straight time, which is not covered by the FLSA. *See Thrower v. Peach Cty., Georgia, Bd. of Educ.*, No. 5:08-CV-176 MTT, 2010 WL 4536997, at *5 (M.D. Ga. Nov. 2, 2010).

78. Plaintiff Rainley and the FLSA Collective Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Archbold.

79. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

80. Plaintiff Rainley and the FLSA Collective Members performed a valuable service for Archbold because they provided services to Archbold during lunch breaks that were never taken without compensation.

81. Archbold accepted or retained the benefit conferred by Plaintiff Rainley and the FLSA Collective Members.

82. Archbold did not compensate Plaintiff Rainley and the FLSA Collective Members for their services.

83. Plaintiff Rainley and the FLSA Collective Members provided their valuable services to Archbold and expected compensation for those services at the time the services were rendered.

84. Further it would be unjust to allow Archbold to retain the benefit conferred by Plaintiff Rainley and the FLSA Collective Members under these circumstances.

85. Archbold has therefore benefited from services rendered by Plaintiff Rainley and the FLSA Collective Members, and it is inequitable for Archbold to retain the benefit of Plaintiff Rainley and the FLSA Collective Members' services without paying fair value for them.

## VI.
## RELIEF SOUGHT

86. Plaintiff Rainley respectfully prays for judgment against Archbold as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 46;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Archbold liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective

Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order pursuant to Georgia common law awarding the FLSA Collective Members damages for unpaid wages, and all other damages allowed by law;

    e.    For an Order awarding the costs of this action;

    f.    For an Order awarding attorneys' fees;

    g.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    h.    For an Order awarding Plaintiff Rainley a service award as permitted by law;

    i.    For an Order compelling the accounting of the books and records of Archbold, at Archbold's expense; and

    j.    For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 21, 2022                    Respectfully submitted,

                                                **MORGAN & MORGAN, P.A.**

By:   /s/ *Jeremy Stephens*
      **Jeremy Stephens**
      Georgia Bar No. _____
      jstephens@forthepeople.com
      191 Peachtree Street NE, Suite 4200,
      Atlanta, Georgia 30303
      Telephone: (404) 965-1682
      Facsimile: (470) 639-6866

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
      **Clif Alexander** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Carter Hastings** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24101879
      carter@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys in Charge for Plaintiff and the FLSA Collective Members***